UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMES A. NELSON,              )<br>                                                 )<br>            Petitioner,         )<br>v.                                            )<br>                                                 )<br>SUPERINTENDENT, Wabash Valley )<br>    Correctional Facility,         )<br>                                                 )<br>            Respondent.        ) | No. 2:11-cv-0157-JMS-MJD |

### Entry Discussing Petition for Writ of Habeas
### Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of James Nelson for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### I. The Petition for Writ of Habeas Corpus

**Background**

Nelson was convicted in 2008 in Gibson County, Indiana of various drug offenses. His convictions were affirmed on direct appeal in *Nelson v. State*, No. 26A05-0809-CR-515 (Ind.Ct.App. 2009) (unpublished)(*Nelson I*). Nelson's petition for transfer was denied on June 25, 2009. The state court's denial of Nelson's petition for post-conviction relief was affirmed in *Nelson v. State*, No. 26A01-1011-PC-568 (Ind.Ct.App. 2011) (*Nelson II*). Nelson's petition for transfer was denied on May 5, 2011.

Contending that his conviction is tainted by constitutional error, Nelson now seeks a writ of habeas corpus. Nelson's habeas claims are the following: 1) the post-conviction court erroneously required Nelson to submit his case by affidavit; 2) the post-conviction court erred in denying his motion to order the State to produce the trial record and admit it as an exhibit; 3) ineffective assistance of trial counsel; 4)

ineffective assistance of appellate counsel; 5) prosecutorial misconduct; 6) false statements by officers; 7) no advanced notice of enhancements; 8) erroneous evidentiary rulings; 9) Nelson was entrapped; 10) the trial court erred in admitting the results of a Draeger test; and 11) Nelson's sentence was inappropriate.

### Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). Nelson filed his 28 U.S.C. § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). His petition, therefore, is subject to the AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997). When a habeas petitioner's claim was adjudicated on the merits in State court proceedings, section 2254(d) provides that a federal court may grant a writ of habeas corpus only if that adjudication was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In addition to the foregoing substantive standards, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992), *cert. denied,* 508 U.S. 962 (1993). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.,* a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady,* 456 U.S. 152, 170 (1982).

### Discussion

*Post-Conviction Infirmities.* Nelson's first two habeas claims center on asserted inifirmities in the post-conviction process in the Indiana state courts. These claims are not cognizable under § 2254(a). *Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir.) ("[u]nless state collateral review violates some independent

constitutional right, such as the Equal Protection Clause, . . . errors in state collateral review cannot form the basis for federal habeas corpus relief"), *cert. denied,* 519 U.S. 907 (1996); *Williams v. State,* 640 F.2d 140, 143-44 (8th Cir.) ("Infirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction. . . . Errors or defects in the state post-conviction proceeding do not, *ipso facto,* render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings."), *cert. denied,* 451 U.S. 990 (1981).

*Ineffective Assistance of Trial Counsel and Appellate Counsel.* Nelson's next claims are that both his trial and appellate counsel rendered ineffective assistance. The respondent argues that Nelson did not fairly present these claims to the Indiana Court of Appeals.

"[T]he burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits. . . ." *Bell v. Cone,* 543 U.S. 447, 451 n.3 (2005). The Seventh Circuit looks to four factors to determine whether a claim has been fairly presented to state courts in federal constitutional terms. The factors are: "(1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Sweeney v. Carter,* 361 F.3d 327, 332 (7th Cir. 2004). The "bottom line," however, is "whether the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis." *Ellsworth v. Levenhagen,* 248 F.3d 634, 639 (7th Cir. 2001)(omitting internal quotations and citations); *see also Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001) (to satisfy the fair presentment requirement, the petitioner must present both the operative facts and the legal principles that control each claim to the state judiciary; otherwise, he has forfeited federal review of his claim).

In this case, Nelson did not fully present the circumstances associated with his ineffectiveness claims to the Indiana appellate courts. Nelson raised these claims at post-conviction, but the Indiana Court of Appeals noted that:

> Nelson failed to file affidavits from his trial or appellate attorneys. Consequently, we may infer that counsel would not have corroborated his allegations of ineffective assistance.
>
> Even more compelling, Nelson failed to submit the trial record, including the transcript. Our Supreme Court has observed that '[i]t is practically impossible to gauge the performance of trial counsel without the trial record . . . .' Claims of ineffective assistance of counsel

>are highly fact-sensitive determinations, and we simply cannot evaluate Nelson's claims without the trial record. Under these circumstances, Nelson has failed to meet his burden of proving his claims of ineffective assistance. Consequently, the post-conviction court did not err by finding that Nelson did not receive the ineffective assistance of trial and appellate counsel.

*Nelson II,* at pp. 6-7 (citations omitted). Thus, the factual basis of Nelson's habeas claim was not placed squarely before the Indiana state courts. The consequence of failing to fully and fairly present habeas ineffective assistance of counsel claims to the state courts is procedural default. *Anderson v. Benik,* 471 F.3d 811, 814 (7th Cir. 2006). Nelson has not demonstrated circumstances to overcome his procedural default as to these claims.

*Remaining Claims – Free-standing Claims.* Nelson includes in his petition for writ of habeas corpus numerous free-standing claims which he raised in his petition for post-conviction relief. Those claims include prosecutorial misconduct, admission of false statements by officers into evidence, no advanced notice of enhancements, evidentiary rulings, and a claim that Nelson was entrapped. The Indiana Court of Appeals noted that "all of these claims were known and available for inclusion in his direct appeal, and he is not entitled to raise them at this juncture." *Nelson II*, at 7. This is a finding of procedural default in the state courts, and is treated similarly in this habeas action. *Lane v. Richards,* 957 F.2d 363, 366 (7th Cir.) (issues were not presented on direct appeal and relief would be barred by procedural default), *cert. denied,* 113 S. Ct. 127 (1992).

As to Nelson's last two free-standing claims, Nelson claims that the trial court erred in admitting the results of a Draeger test and that his sentence was inappropriate. However, the Indiana Court of Appeals addressed these issues on direct appeal. The Indiana Court of Appeals concluded that Nelson failed to establish fundamental error in admitting the Draeger test results and that he failed to demonstrate that his sentence is inappropriate. *Nelson I*, at pp. 7-9. These claims do not implicate federal law and accordingly, are not cognizable here. *See Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997).

## Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1722 (1992) (O'Connor, J., dissenting) (internal citations omitted). Among these are the doctrines that claims must implicate federal law, fair presentment and procedural default. These are the barriers Nelson faces here, and he has failed to overcome these barriers. His habeas petition [1] must therefore be **denied.** Judgment consistent with this Entry shall now issue.

## II.  Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the court finds that Nelson has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling[s]." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 03/02/2012

*[signature: Jane Magnus-Stinson]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana